**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**DAMIEN DRENNAN,**

       **Plaintiff,**

vs.

                         **CASE NO.:**

**RH FUNDING CO., d/b/a
RESIDENTIAL HOME FUNDING
CORP., a Foreign Profit Corporation,
and TOM MARINARO, Individually**

       **Defendants.**        /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, DAMIEN DRENNAN, by and through the undersigned attorney, sues the Defendants, RH FUNDING CO. d/b/a Residential Home Funding, a Foreign Profit Corporation, and TOM MARINARO, Individually, and alleges:

1. Plaintiff, DAMIEN DRENNAN, was an employee of Defendants and brings this action for minimum wages, unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

**General Allegations**

2. Plaintiff was a salaried ($1,354.00/week) employee who worked for Defendants within the last three years in Osceola County, Florida.

3. Plaintiff provided work for Defendants at their office located at 1420 Celebration Blvd., Suite 200, Kissimmee, Florida, 34747.

4. Plaintiff, DAMIEN DRENNAN, worked for Defendants from approximately June 2018 through December 21st, 2018 as a salaried branch manager.

5. Plaintiff, DAMIEN DREENAN, provided underwriting services to Defendants' customers and managed other loan officers at the Kissimmee office.

6. According to its website, RH Funding was established in 2000 and provides mortgage lending products in CT, DC, DE, FL, GA, MD, NC, NJ, PA, SC, TX, and VA. As of 2019, RH Funding has a staff of more than several hundred employees. See RHFunding.com/about

7. According to its website, RH FUNDING CO. is a "direct FNMA lender and also originates FHA and VA loans to NJ and beyond". *Id*

8. At all times material to this cause of action, Defendant, RH FUNDING CO., is a Foreign Profit Corporation that operated and conducted business in Osceola County, Florida and is therefore, within the jurisdiction of this Court.

9. According to Florida's Division of Corporation website, RH FUNDING CO., lists its principal address as being 707 Westchester Ave., Suite 305, White Plains, NY 10604.

10. At all times relevant to this action, TOM MARINARO is/was an individual resident of the State of New Jersey, who operated RH FUNDING CO., and who regularly exercised the authority to: (a) hire and fire employees of RH FUNDING CO.; (b) determine the work schedules for the employees of RH FUNDING CO., and (c) control the finances and operations of RH FUNDING CO.. By virtue of having regularly exercised that authority on behalf of RH FUNDING CO., TOM MARINARO was an employer as defined by 29 U.S.C. § 201, et seq.

11. This action is brought under the FLSA to recover from Defendants unpaid minimum wages, overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

12. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28

U.S.C. §2201 et seq.

13. During Plaintiff's employment with Defendants, Defendant, RH FUNDING CO., earned more than $500,000 per year in gross sales.

14. Defendant, RH FUNDING CO., employed 100+ employees and paid these employees plus earned a profit from their business.

15. During Plaintiff's employment, Defendant, RH FUNDING CO., employed at least two employees who handled goods, materials and supplies which travelled in interstate commerce, such as computers, laptops, notebooks, stationary, calculators, printers, fax machines, and other items used to run the business.

16. Therefore, at all material times relevant to this action, Defendant, RH FUNDING CO., was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

17. Additionally, Plaintiff assisted with loans from customers outside the state of Florida and thus was individually covered under the FLSA.

18. That at all time material to this cause of action, the Florida minimum wage rate was $8.25 per hour.

**FLSA Violations**

19. At all times relevant to this action, Defendants failed to comply with the FLSA because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff the minimum wage for all hours worked and overtime compensation for all overtime hours worked.

20. During his employment with Defendants, Plaintiff was not paid his bi-weekly paycheck during one or more pay periods.

21. Specifically, Plaintiff did not receive any wages for approximately sixteen

(16) weeks of work, or eight (8) pay periods.

22. Defendants failed to compensate Plaintiff with any wages from September 23rd, 2018 through his separation on December 21st, 2018.

23. Plaintiff did not receive compensation for the <u>workweek</u> spanning July 15th, 2018 through July 21st, 2018.

24. Furthermore, Plaintiff did not receive compensation for the <u>pay period</u> spanning August 12th, 2018 through August 25th, 2018.

25. During his employment with Defendants, Plaintiff was not paid time and one-half his regular rate of pay for all hours worked in excess of forty (40) per work during one or more work weeks.

26. Plaintiff routinely worked approximately sixty (60) hours per week for Defendants.

27. Plaintiff worked approximately sixty (60) hours per week during weeks in which he was not compensated per paragraphs 22-24.

28. Due to Defendants' failure to compensate Plaintiff a wage during one or more workweeks described above, Defendants are unable to claim a salary exemption for Plaintiff during those workweeks.

29. Plaintiff is entitled to overtime compensation calculated using Florida's minimum wage rate of $8.25 per hour. Plaintiff is specifically entitled to $12.38 per hour of overtime worked during weeks in which Plaintiff received less than $455.00 in salary for the work week.

30. Based upon these above policies, Defendants have violated the FLSA by failing to pay the minimum wage and complete overtime wages as described above.

31. Plaintiff and the undersigned counsel made numerous efforts to resolve this

matter without litigation but were unable to do so.

32. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF MINIMUM WAGE COMPENSATION

33. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

34. Plaintiff is/was entitled under the FLSA to be paid minimum wage for each hour worked during employment with Defendants.

35. During his employment with Defendants, Plaintiff was not paid complete minimum wages.

36. Specifically, Plaintiff regularly worked sixty (60) hours a week, while Defendants failed to compensate him any wages during those workweeks.

37. Plaintiff regularly made less than the minimum wage due to Defendants failing to compensate him any wages during one or more workweeks.

38. As a result of these actions, Defendants willfully failed to pay Plaintiff the full minimum wage for all hours worked contrary to 29 U.S.C. § 206.

39. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

40. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

41. Plaintiff demands a trial by jury.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION

42. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-32 above.

43. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in weeks in which the salary exemption does not apply.

44. During his employment with Defendants, Plaintiff worked overtime hours but was not paid overtime wages.

45. Specifically, Plaintiff routinely worked in excess of sixty (60) hours a week without overtime compensation.

46. Defendants failed to compensate Plaintiff any wages during one or more weeks and thus the salary exemption does not apply.

47. During those weeks in which the salary exemption did not apply, Plaintiff is entitled to one and one-half the Florida minimum wage ($12.38/OT hour) for each overtime hour worked.

48. Defendants did not have a good faith basis for their decision not to pay Plaintiff full overtime compensation during one or more workweeks.

49. In addition, Defendants did not maintain and keep accurate time records as required by the FLSA for Plaintiff.

50. As a result of Defendants' intentional, willful and unlawful acts in refusing to pay Plaintiff time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work week, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

51. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to

liquidated damages.

52. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, DAMIEN DRENNAN demands judgment against Defendants for unpaid minimum wages, unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

/s/ Matthew R. Gunter

Matthew R. Gunter, Esq.
FBN 0077459
Morgan & Morgan, P.A.
20 N. Orange Ave., 16th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Facsimile: (407) 867-4791
Email: mgunter@forthepeople.com
Attorneys for Plaintiff