Exhibit "A"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAMIEN DRENNAN,

Plaintiff,

vs.

CASE NO.: 6:19-CV-00955-CEM-DCI

RH FUNDING CO., D/B/A
RESIDENTIAL HOME FUNDING
CORP., a Foreign Profit Corporation,
and TOM MARINARO, Individually,

Defendants.                         /

## SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

This Settlement Agreement and Release of Wage Claims (the "Agreement") is entered into by and between the Plaintiff, DAMIEN DRENNAN, and Defendants, RH FUNDING CO., d/b/a RESIDENTIAL HOME FUNDING CORP., and TOM MARINARO. (collectively "the Parties").

WHEREAS, Plaintiff is a former employee of the Defendants;

WHEREAS, on May 21, 2019, Plaintiff filed a civil action against Defendants in the United States District Court, Middle District of Florida, Orlando Division, seeking redress for alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, Case Number 1:19-CV-00955-CEM-DCI ("the Lawsuit"); and

WHEREAS, Defendants deny all allegations in the Lawsuit; and

WHEREAS, the Parties hereto have agreed to resolve any and all claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during

SETTLEMENT AGREEMENT & RELEASE OF WAGE CLAIMS

1

his employment with Defendants, including, but not limited to, those allegations set forth in the Lawsuit; and

NOW THEREFORE, in exchange for promises and consideration set forth below, the sufficiency of which is hereby acknowledged, the Parties have agreed as follows:

1.   Recitals. The above recitals are true and correct and are incorporated below as if fully set forth therein.

2.   In exchange for the consideration set forth in Paragraph 3 below, Plaintiff, for himself and his attorneys, heirs, executors, administrators, successors and assigns, hereby waives and releases, knowingly and willingly, Defendants, RH FUNDING CO., d/b/a RESIDENTIAL HOME FUNDING CORP., and TOM MARINARO (the "Released Parties"), from any and all wage claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendants, known or unknown, including, but not limited to, any claims Plaintiff may have under the Fair Labor Standards Act ("FLSA"), the Florida minimum wage statute, and any and all other applicable state, federal, county, or local ordinances, statutes or regulations, including claims for attorneys' fees which relate to the payment of wages. Plaintiff also represents and certifies that he has received full payment for all hours worked while employed by Defendants, including minimum wage, overtime hours, bonuses, and vacation pay.

3.   In exchange for and in consideration of the Releases and promises of Plaintiffs in this Agreement, Defendants agree to pay a total sum of TWENTY-SEVEN THOUSAND, TWO-HUNDRED SIXTY-FOUR DOLLARS AND 24/100ths ($27,264.24). The payment will be tendered as follows:

i.  One (1) check payable to DAMIEN DRENNAN in the gross and net amount of $9,011.32, as taxable wages, less appropriate taxes and withholdings, to represent the unpaid wages claim. An IRS Form W-2 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-4 to counsel for Defendants along with the executed Agreement; and

ii.  One (1) check payable to DAMIEN DRENNAN in the gross and net amount of $9,011.32, as liquidated damages. An IRS Form 1099 will be issued to Plaintiff for this amount. Plaintiff must provide a fully completed and executed IRS Form W-9 to counsel for Defendants along with the executed Agreement; and

iii.  One (1) check payable to Morgan & Morgan, PA in the amount of $9,241.60 representing attorneys' fees and costs. Morgan & Morgan, PA must provide a fully completed and executed IRS Form W-9 to counsel for Defendant along with the executed Agreement.

***Plaintiff is specifically aware of and agree with, the amount of attorneys' fees and costs to be paid to their counsel for representing his interests in this matter.***

4.  The settlement sum will be sent to Plaintiff's counsel at Morgan & Morgan, P.A. c/o Matthew Gunter, Esq. 20 N. Orange Avenue Suite 1600 Orlando, Florida 32801 on or before December 15, 2019.

5.  Plaintiff shall direct his attorney(s) to prepare and file all necessary documents to obtain the Court's approval of this Agreement and dismissal of his claims in the Lawsuit with prejudice.

6.  The Parties hereto agree that this Agreement is not, in any way an admission by Defendants of any allegation, issue, fact, or conclusion of law involving, concerning, or in any way relating to the Lawsuit. Rather, Defendants deny having committed any violation of the law.

7.  The Parties hereto agree and acknowledge that this Agreement shall not be interpreted to render Plaintiff to be a prevailing Party for any purpose, including, but not

limited to, any award of attorneys' fees under any law. The Parties hereto further agree that, subject to the terms and contained in this Agreement, the Parties are solely responsible for their respective costs and fees incurred as a result of this Lawsuit. Plaintiff is responsible for payment of any and all taxes applicable to any settlement monies received. In the event the Internal Revenue Service or other taxing authority challenges the above allocation, the Parties agree to work together cooperatively in connection with any such challenge. Plaintiff shall be solely responsible for paying all taxes and penalties related to the settlement sum. Plaintiff agrees to indemnify and hold Defendants harmless from any liability, claims, suits, judgments, and damages that arise as a result of any failure by Plaintiff to pay all taxes for which they are responsible. This Agreement, subject to the terms and conditions stated within, is effective upon execution by Plaintiff. Should any provisions of this Agreement (other than the Release of Claims provision) be determined to be invalid by a court of competent jurisdiction, the Parties agree that this shall not affect the enforceability of the other provisions of the Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the Parties with respect to Plaintiff's claims in the Lawsuit and supersedes all prior and contemporaneous oral representations, agreements and discussions with respect to the Lawsuit and Plaintiff's claims therein.

8.     The failure by either party to declare a breach or otherwise to assert its rights under this Agreement shall not be construed as a waiver of any right that party has under this Agreement.

9.     This Agreement shall be governed by, and construed in accordance with, the laws of the State of Florida, without reference to principles of conflict of laws. The Parties further agree that any action to enforce this Agreement shall be brought in a state or federal court of competent jurisdiction within Orlando, Florida. Each party hereby expressly waives any and all rights to bring any suit, action or other proceeding in or before any court or tribunal other than the courts described above and covenants that it shall not seek in any manner to resolve any dispute other than as set forth in this paragraph or to challenge or set aside any decision, award or judgment obtained in accordance with the provisions hereof.

10.     In the event that any of the Parties breach any of the provisions of this Agreement, the non-breaching Party will be entitled to bring suit to recover any and all alleged damages, both direct and consequential, that may be sustained and, in addition, will be entitled to specific performance and/or a temporary or permanent injunction prohibiting and enjoining the breaching Party from violating this Agreement. If the non-breaching Party should prevail in such suit, the breaching Party shall compensate the non-breaching Party for any and all attorneys' fees, costs, and expenses incurred in enforcing this Agreement.

11.     The Parties agree and acknowledge that this Agreement was drafted by all Parties and their counsel. The language of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either Party.

12.     Plaintiff acknowledges that he has been fully advised to consult with an attorney as to the terms and provisions of this Agreement and has, in fact, done so.

Plaintiff represents that he has had the opportunity to consult legal counsel of his own choosing before signing this Agreement, and has carefully read the Agreement and has been fully advised as to its terms.

13.     Plaintiff acknowledges he is signing this Agreement knowingly and voluntarily, that he has read and understood all of the terms of this Agreement, and that he does not rely on any representation or statement, written or oral, not set forth in this Agreement and Release. Plaintiff further acknowledges and understands that he has accepted the settlement sum referenced in this Agreement in full satisfaction of any and all wage claims of any nature whatsoever Plaintiff has arising out of or related to the payment of wages during his employment with Defendants up to the date they executes this Agreement, and Plaintiff affirmatively intends to be legally bound thereby. Plaintiff hereby agrees and acknowledges that he is not entitled to receive any additional consideration or benefits from Defendants, other than as expressly provided herein.

14.     This Agreement may be executed in counterparts and each counterpart, when executed, shall have the efficacy of a second original. Photographic or facsimile copies of any such signed counterparts may be used in lieu of the original for any purpose.

15.     The entire Agreement is type-written and no handwritten or stray makings on this document, with the exception of the Parties' signatures, shall have any effect on the terms of this Agreement. This Agreement may not be modified, altered, or changed except upon approval of the Court.

**PLAINTIFFS ACKNOWLEDGES THAT HE IS SIGNING THIS AGREEMENT KNOWINGLY AND VOLUNTARILY, THAT HE IS REPRESENTED BY COUNSEL, THAT HE HAS READ AND UNDERSTOOD ALL OF THE TERMS OF THIS AGREEMENT, AND THAT HE DOES NOT RELY ON ANY REPRESENTATION OR**

WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.

_____     _____
DAMIEN DRENNAN                        Date

_____     11/6/19
TOM MARINARO                          Date

_____     11/6/19
By:                                   Date
For RH FUNDING CO.

Roberto Lupi

STATEMENT, WRITTEN OR ORAL, NOT SET FORTH IN THIS AGREEMENT. PLAINTIFF FURTHER ACKNOWLEDGES AND AFFIRMS THAT THIS AGREEMENT IS A FULL, COMPLETE, IRREVOCABLE AND UNCONDITIONAL RELEASE OF ALL WAGE CLAIMS THAT HE MAY NOW HAVE AGAINST THE RELEASED PARTIES IN THIS LAWSUIT, AND THAT HE EXECUTED THIS AGREEMENT VOLUNTARILY WITH FULL KNOWLEDGE OF ITS SIGNIFICANCE AND THE CONSEQUENCES THEREOF.

*Damien Drennan*
Damien Drennan (Nov 7, 2019)
DAMIEN DRENNAN                    Date


_____
TOM MARINARO                     Date


_____
By:                              Date
For RH FUNDING CO.

# Revised FLSA Settlement Agreement- Drennan

Final Audit Report

2019-11-07

| | |
|---|---|
| Created: | 2019-11-06 |
| By: | Matthew Gunter (mgunter@forthepeople.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA0VqK8t8zugaETERN8143xQFOPSdxYMfK |

## "Revised FLSA Settlement Agreement- Drennan" History

🖰 Document created by Matthew Gunter (mgunter@forthepeople.com)
2019-11-06 - 9:11:38 PM GMT- IP address: 45.73.150.180

🖃 Document emailed to Damien Drennan (dtd8261@gmail.com) for signature
2019-11-06 - 9:11:57 PM GMT

🖰 Email viewed by Damien Drennan (dtd8261@gmail.com)
2019-11-07 - 5:24:23 PM GMT- IP address: 76.26.239.164

✍ Document e-signed by Damien Drennan (dtd8261@gmail.com)
Signature Date: 2019-11-07 - 5:27:53 PM GMT - Time Source: server- IP address: 76.26.239.164

✅ Signed document emailed to Matthew Gunter (mgunter@forthepeople.com) and Damien Drennan (dtd8261@gmail.com)
2019-11-07 - 5:27:53 PM GMT

Adobe Sign