# United States District Court
# Middle District Of Florida
# Orlando Division

DAMIEN DRENNAN,

          **Plaintiff,**

v.                                       **Case No:  6:19-cv-955-Orl-41DCI**

RH FUNDING CO. and TOM
MARINARO,

          **Defendants.**

_____

## Report And Recommendation

    This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Joint Motion for Approval of Settlement (Doc. 24)** |
| **FILED:** | **November 7, 2019** |

**THEREON** it is **Recommended** that the motion be **GRANTED**.

### I.    Background

    On May 21, 2019, Plaintiff Damien Drennan filed this action against Defendants RH Funding Co. and Tom Marinaro.  Doc. 1.  Plaintiff asserted a claims against Defendants for unpaid minimum wages and overtime compensation in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 206.  *Id*.  On November 7, 2019, the parties filed a joint motion for approval of settlement and dismissal with prejudice.  Doc. 24 (the Motion).  The parties also included the settlement agreement as an attachment.  Doc. 21-1 (the Agreement).

## II.    Legal Standard

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir.

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2009).[3]   The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   Discussion

### A.  The Settlement Amount

In the Motion, the parties explain that Defendants provided Plaintiff with all of Plaintiff's pay and time records.  Doc. 24 at 3.  Using those records, the parties were able to calculate what Plaintiff is owed, and the parties represent that the settlement is "without compromise" and Plaintiff is receiving "full damages and 100% liquidated damages."  *Id.*  Specifically, under the Agreement, Plaintiff will receive $9,011.32 plus an equal amount of liquidated damages ($9,011.32).  *Id.*  When, as in this case, a plaintiff does not compromise their claim, the resulting settlement is generally found to be a fair and reasonable resolution of a bona fide dispute under the FLSA.  *Natera v. Mastercorp of Tennessee, Inc.*, Case No. 6:08-cv-2088-Orl-22DAB, 2009 WL 1515747, at *2 (M.D. Fla. June 1, 2009) (finding "[f]ull recompense of the [FLSA] damage claim is *per se* fair and reasonable"); *see Siena v. Morris Publ'g Grp., LLC*, Case No. 3:08-cv-491-J-32MCR, 2008 WL 4097600, at *1 (M.D. Fla. Sept. 4, 2008) (citing authority). Accordingly, upon consideration of the parties' representations in the Motion and the Agreement, it is **RECOMMENDED** that the Court find the settlement is a fair and reasonable resolution of Plaintiff's FLSA claim.

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

### B.  Other Terms of the Agreement

Upon review of the Agreement, the undersigned finds that the Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. *See* Doc. 24-1.  Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C.  Attorney Fees and Costs

Plaintiff's counsel will receive a total of $8,530.78 in attorney fees and costs for representing Plaintiff in this case. Doc. 24 at 4.  Defendants represent that this agreement regarding attorney fees and costs was "negotiated separately from the settlement of the wage claims and did not bear any weight on the amounts received by Plaintiff." *Id.*  The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amounts paid to Plaintiff.  *See Bonetti*, 715 F. Supp. 2d at 1228.  Therefore, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.  Conclusion

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. 24) be **GRANTED** and the Agreement (Doc. 24-1) be found to be a fair and reasonable settlement of Plaintiff's FLSA claims;

2. The case be **DISMISSED with prejudice**; and

3. The Clerk be directed to close the case.

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December 3, 2019.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy